Reese, J.
delivered the opinion of the court.
We are called upon, by the question raised upon this record, to determine — whetherthe act of 1831, c 23, prohibiting the institution of a suit against the personal representative of a decedent within six months from his qualification, has the effect to extend six months.longer, the time (two years prescribed by the act of 1789, c 23,) within which, the administration must be closed, and within which, actions against personal representatives, are barred.
We are satisfied, that the act of 1831 can have no such effect. The object of that act, in protecting the personal representative, for six months, against the institution of suits, was, to enable him, more effectually, and with more safety to close his administration, within the time prescribed by the act of 1789. Within the six months, the creditor has a right to exhibit his claims for settlement and payment, and the representative can adjust or pay them; both parties can inform themselves of the liabilities and means of the estate, and of the precedence, to which creditors may be entitled, in the liquidation of their claims; arid so far from this state of things making a prolongation of the time, for the administration, necessary, its effect perhaps, is of a contrary character.
This point has been, more than once, incidentally determined, in cases, heretofore, before this court. But we are glad that the question has been distinctly made; for the act of 1789 is one of much importance, and it has, so repeatedly, and in so many aspects, been presented- for judicial *75 exposition, that it is desirable, that all questions, with regard to it, should be finally settled.
.Note. The limitation of actions against personal representatives takes effect—
1. Against a creditor, in being, 3 Murphy, 595 — 6; 3 Devereaux, 181; who having a debt due, 3 Yerger, 3!8, 9 Id. 433, is therefore capable of suing.
2. In behalf of a deceased debtor’s personal representative, who having qualified, and survived six months, 1829, c 57, 1831, c23; is therefore capable of being sued, 10 Yerger, 484.
3. in two years from the qualification, if the creditor reside within, and three years, if without the state, at the time, 10 Yerger, 484, of the death or qualification, not counting the time of a definite indulgence granted to the debtor’s representative, at his special request, 9 Yerger, 433.
4. Or in one year after the creditor’s disability is removed, if an infant, feme vovert, or non compos, at the time of the qualification, 5 Haywood, 236.
5. And it will take effect whether the advertisement, mentioned in the 5th ■section, of the-actof 1789, be made or omitted, 5 Haywood, 1,224; 3 Y'erger, 1,, 43J* that section only being directory.
It has been argued, in this case, that, to give to the act of 1831, the effect of prolonging, for six months, the time in which claims against a personal representative shall be barred, and yet, hold him liable to close his administration, at the end of two years, would place him in a most difficult and perilous situation; and yet it has not been contended that the act of 1831 can have the effect to extend the time within which the administration must be terminated.
We entertain, therefore, no doubt of the correctness of the judgment of the circuit court, and it must be affirmed.